UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR278 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| LARRY P. SMITH, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Larry Smith's *pro se* motion for compassionate release. Doc. 25. Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

---

[1] The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

In its recently amended compassionate-release policy statement, the Sentencing Commission lists six categories of extraordinary and compelling reasons that may support compassionate release. Those categories are (1) medical circumstances, (2) age, (3) family circumstances, (4) abuse suffered in custody involving a "sexual act" or "serious bodily injury," (5) "other reasons" similar to those in the first four categories, and (6) an "unusually long sentence." U.S.S.G. § 1B1.13(b). Such circumstances, according to the Sixth Circuit (speaking before the policy statement), are "most unusual" and "far from common." *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022 (citation omitted). And in any event, district judges retain considerable discretion to determine whether a defendant's reasons are extraordinary and compelling. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Smith contends that his health factors coupled with his incarceration place him at a heightened risk to contract COVID and be harmed. Specifically, Smith contends that he is 71 years old, obese and diabetic. Smith also asserts that he has hypertension and coronary artery

2

disease. A colleague within this Circuit has recently opined about the same argument relied upon by Smith:

> The Sixth Circuit, however, has held that the risk of contracting Covid—when the defendant can access the Covid vaccine—generally does not warrant early release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). When an inmate has access to the vaccine, he "largely faces the same risk from COVID-19 as those who are not incarcerated." *Id*. Even accounting for new variants, the Sixth Circuit has affirmed that Covid in and of itself is not extraordinary and compelling unless an inmate can show his "particular health concerns ... prevent him from benefitting from the vaccine, or that he is at any greater risk than a member of the general public." *United States v. Davis*, No. 22-1319, 2022 WL 13638659, at *2 (6th Cir. Sept. 7, 2022). While recognizing the potential effects Covid and other diseases could have on Daugherty and specifically his lungs, see Second Motion at 7–8, he has failed to show that he is "unable to receive or benefit from a vaccine." *Lemons*, 15 F.4th at 751 (quoting United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021)). Thus, Covid cannot amount to an extraordinary and compelling reason warranting a sentence reduction.

*United States v. Daugherty*, No. 5:18-CR-19-BJB, 2024 WL 4457842, at *3 (W.D. Ky. Oct. 10, 2024). Similarly, Smith has failed to demonstrate that he could not receive and/or benefit from the vaccine. As such, his medical conditions coupled with his incarceration conditions cannot demonstrated extraordinary and compelling reasons to grant compassionate release.

Based upon the above, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| <u>November 7, 2024</u> | <u>  /s/John R. Adams                        </u> |
| Date | JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |